**Foley Hoag LLP**
Seaport West
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Fax: (617) 832-7000
Kenneth S. Leonetti, Esq.
*Attorney for Estate of Ruth Schlesinger*
 *and Marcia Schlesinger Roiff, in her*
 *capacity as executrix of the Estate of*
*Ruth Schlesinger and individually*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) Adv. Pro. No. 08-01789 (BRL) |
| | ) |
| | ) SIPA LIQUIDATION |
| Plaintiff-Applicant, | ) |
| v. | ) (Substantively Consolidated) |
| | ) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | ) |
| | ) |
| Defendant. | ) |
| | )I |
| In re: | ) |
| | ) |
| BERNARD L. MADOFF, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | ) |
| | ) Adv. Proc. No.: 10-05018 (BRL) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ESTATE OF RUTH SCHLESINGER, MARCIA SCHLESINGER ROIFF, in her capacity as executrix of the Estate of Ruth Schlesinger and individually, and JENNY W. SCHLESINGER, individually, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANTS

The Estate of Ruth Schlesinger (the "Estate") and Marcia Schlesinger Roiff, in her capacity as executrix of the Estate of Ruth Schlesinger ("Executrix") and individually ("Ms. Roiff" and, with the Estate and Executrix, collectively, "Defendants"),[1] by and through their counsel, hereby responds to the complaint (the "Complaint")[2] of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee"), and states for their Answer as follows:

1. Defendants deny the allegations in the last sentence of paragraph 1 of the Complaint and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Defendants deny the allegations of paragraph 2 of the Complaint except as to the allegations directed to co-defendant Jenny Schlesinger, which allegations are not directed to Defendants and as to which no answer is required.

3. Defendants deny the allegations in the first sentence of paragraph 3 of the Complaint and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Paragraph 4 of the Complaint contain conclusions of law to which no response is necessary. To the extent that any allegations in paragraph 4 are deemed to be factual, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of paragraph 4 and deny the allegations in the third sentence of paragraph 4.

---

[1] Any allegations directed to co-defendant Jenny Schlesinger, and not to Defendants, will not be responded to, as no answer is required.

[2] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Complaint.

5.      Paragraph 5 of the Complaint contain conclusions of law to which no response is necessary.  To the extent that any allegations in paragraph 5 are deemed to be factual, Defendants deny the allegations of paragraph 5.

6.      Paragraph 6 of the Complaint contain conclusions of law to which no response is necessary.  To the extent that any allegations in paragraph 6 are deemed to be factual, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint with respect to the Surrogate's Court's file number for the Estate and admit the remaining allegations of paragraph 7.

8.      Defendants deny the allegation of paragraph 8 of the Complaint that Ms. Roiff withdrew funds from the Account in 2008.  Further answering this allegations, funds in the Account were transferred within BLMIS from the Account to an account in Ms. Roiff's name and, on information and belief, such funds are still at BLMIS.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 with respect to the date that Letters Testimentary were issued.  Defendants admit the remaining allegations of paragraph 8, except to deny any allegations therein that Defendants have any liability to the Trustee or the BLMIS estate.

9.       Paragraph 9 is not directed to Defendants and therefore no answer is required.

10-19.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 10 through 19.

20.     Defendants deny the allegations of subparagraphs 20(a) and (g) of the Complaint and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20.

21-35.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 21 through 35, except to deny the allegations of paragraph 27 that Madoff's actions ever enriched Defendants (to the contrary, Defendants have been extremely damaged by Madoff's actions).

36.  Defendants admit the allegations of the first sentence of paragraph 36 of the Complaint that there was an account at BLMIS and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 36 and call on the Trustee to produce proof of the same.

37.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and call on the Trustee to produce proof of the same.

38.  Defendants deny the allegations of paragraph 38 of the Complaint.  Further answering, any Transfers made to or for the benefit of Defendants were then sent from the Estate to the government for the purpose of paying estate taxes on account of the purported value of funds held at BLMIS in the name of the Estate.

39.  Defendants deny the allegations of paragraph 39 of the Complaint.

40.  Defendants deny the allegations of paragraph 40 of the Complaint except as to the allegations directed to co-defendant Jenny Schlesinger, which allegations are not directed to Defendants and as to which no answer is required.  Further answering, Defendants state that purported "Subsequent Transferee" Ms. Roiff never received any of the Transfers from BLMIS. Rather, Transfers from BLMIS to the Estate were then sent from the Estate to the government for the purpose of paying estate taxes on account of the purported value of funds held at BLMIS in the name of the Estate.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint except as to the allegations directed to co-defendant Jenny Schlesinger, which allegations are not directed to Defendants and as to which no answer is required.

42.     Defendants deny the allegations of paragraph 42 of the Complaint.

43.     Defendants deny the allegations of paragraph 43 of the Complaint.

44.     Defendants repeat and reallege their responses to paragraphs 1 through 43 as if set forth fully herein.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 47 of the Complaint.  Defendants deny the allegations of the second sentence of paragraph 47 of the Complaint.

48.     Defendants deny the allegations of paragraph 48 of the Complaint.

49.     Defendants repeat and reallege their responses to paragraphs 1 through 48 as if set forth fully herein.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint.

51.     Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint.

54.     Defendants deny the allegations of paragraph 54 of the Complaint.

55.     Defendants repeat and reallege their responses to paragraphs 1 through 54 as if set forth fully herein.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint.

57.     Defendants deny the allegations of paragraph 57 of the Complaint.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint.

60.     Defendants deny the allegations of paragraph 60 of the Complaint.

61.     Defendants repeat and reallege their responses to paragraphs 1 through 60 as if set forth fully herein.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint.

66.     Defendants deny the allegations of paragraph 66 of the Complaint.

67.     Defendants repeat and reallege their responses to paragraphs 1 through 66 as if set forth fully herein.

68.     Defendants deny the allegations of paragraph 68 of the Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Complaint except as to the allegations directed to co-defendant Jenny Schlesinger, which allegations are not directed to Defendants and as to which no answer is required.

70.     Defendants deny the allegations of paragraph 70 of the Complaint except as to the allegations directed to co-defendant Jenny Schlesinger, which allegations are not directed to Defendants and as to which no answer is required.

71.     Defendants deny the allegations of paragraph 71 of the Complaint except as to the allegations directed to co-defendant Jenny Schlesinger, which allegations are not directed to Defendants and as to which no answer is required.

72.     Defendants deny the allegations of paragraph 72 of the Complaint.

## Defenses

Defendants assert the following defenses in opposition to the claims asserted by the Trustee:

## First Defense -- Failure To State Claim Upon Which Relief May Be Granted

The Complaint and the causes of action therein asserted against Defendants fails to state a claim upon which relief may be granted or judgment entered.

## Second Defense – Mere Conduit

To the extent that any Transfers were made to or for the benefit of any Defendant, such Defendant was a mere conduit for the funds subject of the Transfer in that Transfers sent from BLMIS to the Estate were then sent from the Estate to the government for the purpose of paying estate taxes that were owed by the Estate on account of the purported value of funds held at BLMIS in the name of the Estate.

## Third Defense –Setoff and Recoupment

To the extent that any Transfers were made to or for the benefit of any Defendant and to the extent that such Transfers are avoidable and recoverable by the Trustee, such Defendant is

entitled to set off or recoup amounts owing to such Defendant by the Trustee or the BLMIS estate against any sums owing to the Trustee.

### Fourth Defense –Withdrawal of the Reference

Reference of this matter should be withdrawn to the United States District Court pursuant to 28 U.S.C. § 157(d) as the Bankruptcy Court does not have jurisdiction to enter a final judgment or conduct a jury trial in this matter.

### Fifth Defense – Statute of Limitations

The statute of limitations has expired for bringing any claims against the Estate.

### Additional Defenses

Defendants gives notice that they rely upon such other defenses as may become available and apparent in the course of discovery or otherwise and therefore reserve the right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendants pray that judgment be entered in their favor and against the Trustee by denying all requests for relief made by the Trustee against Defendants, and by awarding Defendants their costs in this action, including attorneys' fees, together with such other and further relief as the Court may deem appropriate.

## JURY TRIAL DEMANDED

Defendants demand a jury trial on all issues so triable in this action in the District Court pursuant to 28 U.S.C. § 157(e) and states that it does not consent to the Bankruptcy Court conducting a jury trial.

Respectfully submitted,

ESTATE OF RUTH SCHLESINGER AND
MARCIA SCHLESINGER ROIFF, IN HER
CAPACITY AS EXECUTRIX OF THE ESTATE
OF RUTH SCHLESINGER AND
INDIVIDUALLY,

By their attorneys,

/s/ Kenneth S. Leonetti
Kenneth S. Leonetti, BBO #629515
FOLEY HOAG LLP
155 Seaport Blvd
Boston, Massachusetts 02210
(617) 832-1000 (phone)
(617) 832-7000 (facsimile)
bctnotices@foleyhoag.com

Dated: March 18, 2008

## Certificate of Service

I certify that on this 18th day of March, 2011, I caused a true and correct copy of the within document to be served via the ECF system on the attorneys for plaintiff.

/s/ Kenneth S. Leonetti
Kenneth S. Leonetti